# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DAVID INVICTUS WHEELER**                                                  **PLAINTIFF**

**V.**                                                            **NO. 2:11CV00232-WAP-JMV**

**TALLITHA VEZELL LAWSON WHEELER, ET AL.**                     **DEFENDANTS**

## REPORT & RECOMMENDATION

This matter is before the court *sua sponte* for consideration of dismissal. On November 21, 2011, the *pro se* plaintiff filed his Complaint (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 2). By Order (Doc. 9) dated January 10, 2012, the court denied the *in forma pauperis* motion without prejudice because the Complaint and other filings were largely incomprehensible and appeared to have no basis in law or fact. Additionally, the court explained that as the record stood, the court could not determine whether it has jurisdiction over this case and what claims are being asserted. The court denied the motion without prejudice to the plaintiff's right to refile his motion for leave to proceed *in forma pauperis* along with an amended complaint within fourteen days. The plaintiff was warned that if he failed to comply, his case would be recommended for dismissal. It has now been more than fourteen days, and the *pro se* plaintiff has neither refiled his motion and amended complaint, nor contacted the court for an extension to comply. Accordingly, it is recommended that this case be dismissed without prejudice for the plaintiff's failure to obey an order of the court.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except

upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**SO ORDERED** this**,** the 3rd day of February, 2012.

/s/ Jane M. Virden
 U. S. MAGISTRATE JUDGE
