IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DAVID INVICTUS WHEELER,                                    PLAINTIFF,

VS.                                CIVIL ACTION NO. 2:11CV0232-SA-JMV

TALLITHA VEZELL LAWSON WHEELER and
MITCHELL HOWIE,                                            DEFENDANTS.

<u>FINAL JUDGMENT</u>

This matter comes before the court upon the United States Magistrate Judge's February 2, 2012 Report and Recommendation wherein she recommends that the instant case be dismissed without prejudice. After due consideration of the Report and Recommendation, the court finds as follows, to-wit:

Mr. Wheeler, who is acting before this court *pro se*, is a defendant in a matter pending in the state courts of Alabama. He has purported to remove that action to federal court in the Northern District of Mississippi. Since the filing of the Magistrate Judge's Report and Recommendation, Mr. Wheeler has filed a motion to dismiss the subject case pending in the state courts of Alabama, a "Notice of Change of Claim & Insertion of Federal Question Concerning the State of Alabama's & Madison County Circuit Court's Authority to Enforce Jurisdiction," a "Notice and Affidavit," and an objection to the Report and Recommendation.

Having considered Mr. Wheeler's *pro se* filings both before and after the Report and Recommendation, the court concludes that he has failed to establish this particular court's jurisdiction over what is clearly a state-law matter in the State of Alabama.

Title 28 United States Code Section 1441 provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States *for the district and*

*division embracing the place where such action is pending*," which in this case is the proper federal district and division in Alabama, not Mississippi. This basis for removal is only available if there is diversity jurisdiction (that is, no party is a resident of the same state as any of the opposing parties), the amount in controversy exceeds $70,000.00, and the notice of removal is filed with the proper federal court within 30 days after the removing party receives notice of the state-court action.

The only other way to properly remove a state action to federal court is if there is a substantial federal question, the notice of removal is filed in federal court in the same state the state-court action is pending, and, in most cases, if removal is effectuated within 30 days of the removing defendant's notice of the underlying state-court action. Mr. Wheeler has not established that the underlying Alabama case involves a substantial federal question, and even if he could, removal would only be proper, potentially, to a federal court in Alabama, not in Mississippi.

In the event Mr. Wheeler wishes to appeal this Final Judgment, he may do so before the Fifth Circuit Court of Appeals within 30 days of entry of this Final Judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that:

(1) The court adopts the United States Magistrate Judge's February 2, 2012 Report and Recommendation; accordingly,

(2) This case is DISMISSED WITHOUT PREJUDICE; and

(3) This case is CLOSED.

SO ORDERED this the 24th day of April, 2012.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**